UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 05 CR 650-12 |
| v.   ) | |
| ) | Magistrate Judge Arlander Keys |
| BERTELL MCKENZIE ) | |

## MEMORANDUM OPINION AND ORDER

Bertell McKenzie, a.k.a. "Soup," was arrested on July 19, 2005 for his alleged participation in a conspiracy by the Four Corner Hustlers street gang to distribute mass quantities of drugs. The arrest was made pursuant to a warrant issued by this Court upon the complaint of Jeffrey Cooper, a special agent with the FBI. The Court held a preliminary hearing in the case on July 29, 2005.

At the hearing, the government called Agent Cooper to testify. After the government's direct examination of Agent Cooper, Mr. McKenzie's attorney, John Beal, asked the Court to order the government to turn over any and all statements or reports authored or signed by Agent Cooper that relate to the subject matter of his testimony at the preliminary hearing and that include references to Mr. McKenzie. The government opposed the motion, and Mr. Beal indicated that he was willing to proceed with the hearing without the statements, though he wanted to preserve his right to obtain the requested documents. The Court reserved ruling on the question of whether, under the

circumstances, Mr. Beal was entitled to the discovery he requested; it asked the parties to brief the issue, and then continued with the hearing. At the close of the hearing, based upon the testimony of Agent Cooper, the Court found probable cause to believe that Mr. McKenzie had committed the offenses charged in the complaint.

On August 1, 2005, Mr. Beal filed his written motion seeking disclosure of the statements and reports he had requested at the preliminary hearing. The government filed an opposition to the motion, arguing that, with the preliminary hearing over and the arraignment having not yet occurred, Mr. McKenzie has no right to such discovery.

As a practical matter, the Court first notes that the issue is likely moot. The government has indicated that, "after conferring with Agent Cooper, [it] is not aware of any reports or other statements that have Agent Cooper's name on the signature line or supervisor lines on the bottom of the reports which relate to this investigation and mention [Mr. McKenzie]." See Government's Response to Defendant's Motion for Disclosure of Agent Statements, ¶10. Mr. Beal has suggested that the government is potentially attempting to hide something by fudging its statement to avoid an outright denial that the materials he seeks actually exist. But the Court refuses to believe that the government would play such sneaky semantics games.

2

Moreover, even if the government did have in its possession statements signed by Agent Cooper that relate to the subject matter of his testimony at Mr. McKenzie's preliminary hearing, Mr. Beal is simply not entitled to them at this point. Federal Rule 26.2(a) of the Federal Rules of Criminal Procedure, expressly applicable in preliminary hearings by virtue of Federal Rule of Criminal Procedure 5.1(h), requires that,

> [a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government . . . to produce, for the examination and use of the moving party, any statement of the witness, that is in [its] possession and that relates to the subject matter of the witness's testimony.

The Court agrees with Mr. Beal that, as he phrased his request, the items he requested would fall within this rule. *See United States v. Allen*, 798 F.2d 985, 993-94 (7th Cir. 1986). But, when read together with Rule 5.1(h), Rule 16, and Rule 16.1 of the Local Rules of this Court, it is clear that Rule 26.2 requires the Court to order disclosure in the context of the preliminary hearing only when the statements sought are to be used for purposes of the preliminary hearing. Thus, if Mr. Beal had indicated that he intended to use the statements to impeach Agent Cooper's credibility at the preliminary hearing, or if he had indicated that he needed the statements to effectively cross-examine Agent Cooper, the Court would have ordered the government to produce them. The Court would even have granted a continuance

3

to give Mr. Beal time to examine and digest the statements before proceeding with the hearing. See Fed. R. Crim. P. 26.2(d).

But, as it happens, Mr. Beal said just the opposite: he offered that he did not need the statements for the hearing and that he was prepared to proceed with the hearing regardless of how the Court ruled on his motion. In fact, he conceded that his motion was really just a request for pre-trial discovery to which, at the preliminary hearing stage, he would not otherwise be entitled. Mr. Beal explained that he was pushing for the material because the government has a policy of turning over such discovery in cases where the defendant elects to waive the preliminary hearing, but refusing such discovery to defendants who elect to proceed with the preliminary hearing - a policy he thinks is unfair.

While the government's policy, which apparently entices some defendants to forfeit their right to a preliminary hearing, understandably troubles Mr. Beal, that policy is not inconsistent with any rule of criminal procedure. As a matter of fact, as the government points out, Rule 16.1 of the Local Rules of this Court requires disclosure of Jencks Act material only after arraignment. Nothing in Rule 26.2 or Rule 5.1 suggests that they are intended to open the doors to pre-trial discovery. And, Mr. Beal's arguments to the contrary notwithstanding, the government is not obliged to turn over Jencks Act material at the

preliminary hearing stage; its willingness to do so in some cases does not compel it to do so in all cases.

## Conclusion

For the reasons explained above, the Court denies Mr. McKenzie's Motion for Disclosure of Agent Statements [#112].

Dated: September 14, 2005

E N T E R:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge